# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHNNY B. GRIFFIN,**

                    Plaintiff,

      -vs-

**Case No. 06-C-1304**

**VETERANS ADMINISTRATION
REGIONAL OFFICE, VETERANS
ADMINISTRATION HOSPITAL,
KENNETH SOBSCAK, ENNITT DOEROR,
DR. REYES, DR. HOLMES, DR. DANINGER,
GLEN GRIFFEN, DIRECTOR VA HOSPITAL,
VA POLICE DEPARTMENT, DR. JASON A.
CASTATOR, MR. FOREMAN, DR. MAHMOOD
BEHFOR-RAD, DR. NASH, WISCONSIN
LOTTERY, WILDE DODGE CHRYSLER – WAUKESHA,**

                    Defendants.

## DECISION AND ORDER

Johnny B. Griffin ("Griffin") has brought a civil rights complaint against the above-captioned individuals, accompanied by a request for leave to proceed *in forma pauperis* ("IFP"). To authorize a litigant to proceed IFP, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2).

Over the course of approximately fifty (50) single-spaced, handwritten pages, Griffin spins a fantastical tale involving allegations of a grand conspiracy against him. Griffin is a Vietnam war veteran who apparently receives benefits from the government for a war-related injury to his jaw. According to Griffin, doctors who have treated him at the VA hospital, in conjunction with local law enforcement authorities as well as the dealership that sold him a car, are variously involved in a conspiracy against him which involves monitoring his movement through the use of satellite tracking technology placed in his car. Griffin seeks $50 million in damages.

Griffin's complaint must be dismissed because it is frivolous. "Sometimes . . . a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton*, 302 F.3d 773, 774 (7th Cir. 2002). Griffin anticipates this standard[1] when he states at the outset of his complaint that his claim is "serious and is not a joke and is not frivolous, nor delusional." (Complaint, part IV A). The remaining fifty pages of Griffin's complaint disproves this assertion.

Finally, Griffin has moved to seal the financial information submitted in connection with his IFP request. This request is granted, but the remainder of the case documents shall remain unsealed.

---

[1] Griffin previously brought a case in this district which was dismissed by Judge Adelman, Case No. 01-C-399.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Griffin's request to proceed IFP (Docket No. 2) is **DENIED**;

2. Griffin's motion to seal his financial affidavit (Docket No. 1) is **GRANTED**. The Clerk of Court is directed to seal only this document (the financial affidavit – Docket No. 2). The remaining documents in the case shall remain unsealed; and

3. This matter is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of January, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA
Chief Judge**